# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## MOSBY'S EX'OR v. WITHERS' EX'ORS.

### June 23d, 1892.

DESCENTS AND DISTRIBUTIONS—*Equalization—Case at Bar.*—Testator gave his widow the interest on $5,000 for.life, and the residue to his three daughters, Mrs. K., Mrs. McK., and Mrs. M. Widow bought his real estate, Mrs. M. and husband going security for the deferred payments; and, by agreement, her $5,000 was invested in the real estate, which was to be liable for those payments at.her decease. For default of payment fifteen years later the real estate was sold, and was bought by Mrs. M., who paid part, and gave bonds for the deferred payments. For similar default five years later the real estate was again sold, and the proceeds ordered to be paid to Mrs· K. and Mrs. McK., to equalize them with Mrs. M., who had received her share of the estate. Before this was done the widow died, and the $5,000 fell in; but it appeared that if this sum were divided, and paid from the proceeds of the last sale, the remainder would be inadequate to pay the amounts due Mrs. K. and Mrs. McK. for equalization, and that the whole of such proceeds would not pay Mrs. M.'s obligation for the sale to her.

HELD:

The payments to Mrs. K. and Mrs. McK. should be first made from the fund arising from the last sale.

Argued at Richmond. Decided at Wytheville. Appeal from decree of the circuit court of Culpeper county, rendered September 12th, 1890, in the chancery causes of *Withers' Ex'ors* v. *Kennedy, Trustee, Withers' Ex'ors* v. *Withers, &c.,* and *Kendrick, &c.,* v. *Withers et al.,* dismissing a bill or petition of J. J. Mosby, executor of Jannette A. Mosby, deceased, and others, for a review or rehearing of a decree of March 15th, 1889, in the said causes. The said Mosby and others appealed from said last-named decree. Opinion states the case.

*J. C. Gibson,* for appellants.

*M. McCormick* and *A. D. Payne,* for appellees.

FAUNTLEROY, J., delivered the opinion of the court.

In 1861 James Withers died, leaving three daughters, Mary R., wife of J. W. Kendrick; Margaret F., wife of W. C. Kennerly; Jannette A., who married the petitioner, J. J. Mosby, subsequent to the date of her father's will (1860), and his widow, Ellen Adelaide Withers. By his said will, which was duly probated 19th of March, 1861, the said James Withers appointed L. P. Nelson and John H. Rixey executors of his will, with power to sell all his estate except his slaves°; and devised unto his said wife $4,000 absolutely, and the interest on $5,000 for her life; and then divided the remainder of his estate (exclusive of special legacies) into three equal parts, and devised one of said parts to Mary R. Kendrick, one of said parts to Jannette A. Withers, his then unmarried daughter, and the other remaining third part to J. McK. Kennerly, trustee, in trust for the support and benefit of Margaret F. Kennerly and her children during her life, and, after her death, to her children and their descendants.

On the 19th of November, 1861, the executors sold the "*Catalpa*" farm of the testator, containing 294 acres, at the price of $41.12½ per acre, to the said widow, Ellen Adelaide Withers, and received from her, in cash, the sum of $4,030, and for the deferred payments took her three several bonds, with the petitioner, J. J. Mosby, as her surety, each for $2,686.83⅓, with interest from the 19th of November, 1861, payable one, two, and three years from date.

On the 30th of November, 1861, James W. Kendrick, the husband of Mary R. Withers, and J. J. Mosby, the husband of Jannette A. Withers, entered into a written contract, pro-

viding that the special legacy of $5,000, devised to the widow for her life, should be invested in the "Catalpa" tract of land purchased by her; and, after her death, the land itself to be held responsible for its payment, and distribution to be made according to the will of James Withers, deceased; and the court, acting for Mrs. Kennerly and her children, sanctioned the investment.

On the 8th of June, 1877, the court ordered a sale of the "Catalpa" tract, in default of payment of purchase-money due for the same by the purchaser, the widow, Mrs. Ellen Adelaide Withers, to meet payments, which the court had ordered to be made, of $2,649.47 to the trustee for the Kennerlys, and of $771.15 to the Kendricks; and at a sale thereunder Jannette A. Mosby purchased the said "Catalpa" tract for the price of $22.85 per acre. She paid the cash payment, and for the deferred payments executed her three several bonds at one, two, and three years, each for the sum of $1,734.45, with Ellen Adelaide Withers and J. J. Mosby as sureties; and to secure their payment she, and her said mother, and her husband, the said J. J. Mosby, executed a trust deed, assigning all their interests in the estate of James Withers, deceased, and of Kemp Grigsby, deceased, to G. D. Gray, the bonded commissioner of sale. These payments of purchase-money were not made when due by the purchaser, Mrs. Jannette Mosby, and her sureties aforesaid, her mother (the widow), and her husband, J. J. Mosby; and on the 9th of June, 1882, the court ordered the said "Catalpa" tract to be re-sold for the said default of the purchaser, Mrs. Jannette A. Mosby aforesaid. From this decree of re-sale Mosby and wife appealed to this court, which affirmed the decree of the lower court, and sent the case back for further proceedings; which being had, the "Catalpa" farm was sold, under a decree of court, to John C. Bell, for the sum of $10,000. On the 15th of March, 1889, the court entered a decree providing for the distri-

bution of the Bell purchase-money, and requiring the commissioner of sale, G. D. Gray, to collect the purchase-money bonds for the " Catalpa " farm, and out of the proceeds to pay Kennerly, trustee, $3,640.66, with interest from 1st of November, 1869, and to pay Kendrick and wife $771.15, with interest from November 1st, 1869—" to equalize them respectively with J. J. Mosby and wife " ; and, after the payment of all the unpaid costs of suit, to divide the residue of the said fund into three equal parts, and pay the one third part thereof to J. F. Kennerly, trustee for Margaret F. Kennerly and her children, to be held by him as directed in the will of James Withers, deceased ; one third part thereof to James W. Kendrick and wife ; and the remaining third part thereof to such person or persons as may be entitled thereto under the will of Mrs. Jannette A. Mosby, deceased.

On the 20th of March, 1890, J. J. Mosby and others filed their petition to review, rehear, and set aside the aforesaid decree of 15th of March, 1889, for reasons therein set forth ; and, upon the hearing of this petition, 12th of September, 1890, the court decreed:  " On consideration thereof, it seems to the court that there is error in the said decree of March 15th, 1889, in this:   That it establishes as due to J. F. Kennerly, trustee of Margaret F. Kennerly and her children, the sum of $3,640.66, when, according to the decree of June 9th, 1871, and the corrected statement, marked ' X,' filed June 9th, 1871, said sum due the said trustee should have been fixed at $2,715.70, with interest from November 1st, 1869, which said sum of $2,715.70 is made up of the two sums of $2,649.47 and $66.23, ascertained to be due by the said corrected statement, marked ' X ' ; and in this respect the decree of March 15th, 1889, is corrected, and in all other particulars the said decree is affirmed, and the said bill of review is dismissed."

The decree complained of, in order to equalize Mrs. Ken-

nerly and her children and Mrs. Kendrick, with J. J. Mosby, who, in right of his wife, has been fully paid his interest in the estate of James Withers, deceased, assigned to Mrs. Kennerly's trustee so much of the purchase-money of the Catalpa farm as would provide for her and her children the sum of $2,715.70, with interest from November 1, 1869; and to Kendrick and wife so much of the said purchase-money as would provide for them the sum of $771.15, with interest from November 1, 1869, these sums being respectively required to put Mrs. Kennerly and Kendrick and wife upon equality with Mosby. These sums have never been paid to them; and the contention now is, that before Mrs. Kennerly and Kendrick and wife shall be paid one dollar of these sums thus decreed to them for equality, the $5,000 investment, which, by the death of the widow, Mrs. Withers, has fallen into and become a part of the estate, shall be divided equally and paid to Mosby, Mrs. Kennerly, and Kendrick and wife, thereby leaving Mrs. Kennerly and children and Kendrick and wife to obtain the sums due them for equalization from the ultimate balance of the purchase-money, which would be wholly inadequate to pay what is due them, and that, too, when the whole proceeds of the sale of "*Catalpa*" to J. C. Bell will not cover Mrs. Mosby's purchase-money obligation for the sale which was made to her. But, even if it were ultimately adequate, it would be cruelly inequitable longer to postpone the payment to Mrs. Kennerly and her children, she being now closely verging upon the allotted span of human life.

We think that the decree complained of is plainly right, and our judgment is to affirm it.

DECREE AFFIRMED.